PER CURIAM.
Clyde Edward Johnson challenges his 100-year sentence on a charge of burglary of a dwelling while armed, arguing that the sentence violates Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), as he was under 18 years old at the time of the offense.[1] As our court has *1154 already rejected the argument that a term of years sentence violates Graham in Henry v. State, 82 So.3d 1084 (Fla. 5th DCA 2012), rev. granted, 107 So.3d 405 (Fla.2012), we affirm. We certify that this decision conflicts with Floyd v. State, 87 So.3d 45 (Fla. 1st DCA 2012) and Adams v. State, -So.3d - (Fla. 1st DCA 2012).
AFFIRMED; CONFLICT CERTIFIED.
TORPY, LAWSON and JACOBUS, JJ„ concur.

. Johnson was originally sentenced to life on this charge, and to concurrent life sentences on five related charges: three counts of armed kidnapping to facilitate a felony; one count of attempted first degree murder with a firearm; and, one count of sexual battery *1154 using force or a weapon (firearm). All six life sentences were set aside following the United States Supreme Court’s decision in Graham. The 100-year sentence challenged in this appeal was imposed at Johnson's resentencing. As for the other five counts, the trial court resentenced Johnson to concurrent 40-year sentences, which are not challenged on appeal.