EVANDER, J.
Edwards was convicted, after a jury trial, of robbery with a firearm while inflicting great bodily harm (Count I), attempted first degree felony murder while inflicting great bodily harm (Count II), and attempted first degree felony murder while discharging a firearm (Count III). All three charges arose from a single criminal episode in which Edwards robbed Debra Duey and discharged his firearm twice, once hitting Duey and once missing Gregory Davis. The trial court sentenced Edwards, who was seventeen years old at the time of the offenses, to three consecutive thirty-year sentences. Pursuant to section 775.087(2), Florida Statutes (2008), the trial court also imposed mandatory minimum sentences of ten (10) years on Count I, twenty-five (25) years on Count II, and twenty (20) years on Count III. The mandatory minimum sentences were ordered to run consecutively.
Edwards raises two issues on appeal. First, he contends that the sentence for Duey’s robbery (Count I) is required to be a concurrent sentence. Second, Edwards argues that his aggregate term-of-years sentence totaling 90 years is the functional equivalent of a life sentence and, thus, unconstitutional under Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010). We conclude that the trial court erred in requiring the mandatory minimum sentence on Count I to run consecutive to the mandatory minimum sentence for Duey’s attempted murder (Count II), but otherwise affirm.
Section 775.087 was amended in 1999 to add subsection (2)(d):
It is the intent of the Legislature that offenders who actually possess, carry, display, use, threaten to use, or attempt to use firearms or destructive devices be punished to the fullest extent of the law, and the minimum terms of imprisonment imposed pursuant to this subsection shall be imposed for each qualifying felony count for which the person is convicted. The court shall impose any term of imprisonment provided for in this subsection consecutively to any other term of imprisonment imposed for any other felony offense.
Ch. 99-12, § 1, at 540, Laws of Fla. (emphasis added).
In State v. Sousa, 903 So.2d 923, 926 (Fla.2005), the Florida Supreme Court determined that this amendment did not overrule its earlier decisions in State v. Christian, 692 So.2d 889 (Fla.1997), and State v. Thomas, 487 So.2d 1043 (Fla.
*196 1986), but rather the amendment to the statute was consistent with those decisions. Id. at 927. This Court has construed the Florida Supreme Court decisions in Sousa, Christian, Thomas, and Palmer v. State, 438 So.2d 1 (Fla.1983), to mean that stacking is improper where the offenses occurred during a single episode unless the defendant discharges his firearm and injures [1] multiple victims or causes multiple injuries to one victim. Irizarry v. State, 946 So.2d 555 (Fla. 5th DCA 2006);[2] see also Swanigan v. State, 57 So.3d 989 (Fla. 5th DCA 2011) (holding error to impose consecutive mandatory minimum sentences under section 775.087(2) for attempted second-degree murder with firearm and possession of firearm by convicted felon where defendant and accomplice burst into home looking for money, kicked and hit one person and shot second person). Here, Counts I and II involve a single victim (Duey) and a single (albeit, major) injury, thereby precluding a stacking of mandatory minimum sentences on these two counts.
As to Edwards’ second issue, this Court has rejected the argument that a lengthy term of years sentence violates Graham. See Johnson v. State, 108 So.3d 1153 (Fla. 5th DCA 2013); Mediate v. State, 108 So.3d 703 (Fla. 5th DCA 2013); Henry v. State, 82 So.3d 1084 (Fla. 5th DCA), rev. granted, 107 So.3d 405 (Fla.2012).
AFFIRMED, in part; REVERSED, in part; REMANDED for resentencing.
COHEN, J., concurs.
LAMBERT, J., concurs and concurs specially, with opinion.

. The injury may consist of the heightened danger caused by the discharge of a firearm. Christian, 692 So.2d at 890 n. 1.

. The First District Court of Appeal certified conflict with Irizarry in Walton v. State, 106 So.3d 522 (Fla. 1st DCA), review granted, 123 So.3d 1148 (Fla.2013).