BY ORDER OF THE COURT:
Appellant’s motion for rehearing is denied; the motion for a written opinion is granted. The prior per curiam affirmance dated April 8, 2016, is withdrawn, and the attached opinion is issued in its place. No further motions for rehearing will be entertained.
PER CURIAM.
Danny Waiters appeals from his conviction and sentence for second degree mur *210 der. He raises two issues in this appeal, neither of which require reversal.' However, we write to explain why we have affirmed the denial of his motion to correct sentencing error. Waiters, who was seventeen years old when the offense was committed, is serving a forty-year sentence for second-degree murder. He contends that pursuant to Horsley v. State, 160 So.3d 393 (Fla.2015), he was entitled to be sentenced under section 921.1402, Florida Statutes (2014),[1] even though his crime was committed before the effective date of the statute. Horsley held that section 921.1402 applies to all juvenile offenders whose sentences are unconstitutional under Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), regardless of when their crimes were committed. Horsley, 160 So.3d at 405-06. Miller held that a mandatory life sentence without parole for juvenile homicide offenders is unconstitutional. 132 S.Ct. at 2469. Because Waiters did not receive a mandatory life sentence without parole, his sentence is not unconstitutional under Miller and he was not entitled to be sentenced under section 921.1402. Moreover, Waiters’ forty-year sentence is not a de facto life sentence without parole, see, e.g., Williams v. State, 197 So.3d 569, 572 (Fla. 2d DCA 2016) (holding that a fifty-year sentence is not the equivalent of a life sentence without the possibility of parole), qualifying him for relief under Landrum v. State, 192 So.3d 459, 469 (Fla.2016) (reversing Land-rum’s nonmandatory life-without-parole sentence for second-degree murder imposed without individualized consideration of Landrum’s “youth and its attendant characteristics” that is required under Miller). Accordingly, we affirm the denial of his motion to correct sentencing error.
MORRIS and BLACK, JJ., Concur.
KELLY, J., Concurs in result.

. Section 921.1402 provides for review of a juvenile’s sentence to allow the juvenile an opportunity to obtain early release based upon demonstrated maturity and rehabilitation.