Per Curiam.
We withdraw our previously issued opinion and substitute the following in its place.
We reverse the trial court’s order denying Rogyne O’Neal’s motion to correct his life sentence for a murder he committed as a juvenile in 2001. In Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 2469, 183 L.Ed.2d 407 (2012), the Supreme Court held that life sentences (without the possibility of parole) for juvenile homicide offenders were unconstitutional. This court held in Cotto v. State, 141 So.3d 615, 617 (Fla. 4th DCA 2014), and the Florida Supreme Court held in Falcon v. State, 162 So.3d 954, 962 (Fla. 2015), that Miller applies retroactively.
We additionally reverse O’Neal’s sentence of forty-five years’ imprisonment for the robbery he committed as a juvenile. See Kelsey v. State, 206 So.3d 5 (Fla. 2016) (“[A] defendant whose original sentence violated Graham v. Florida, 560 U.S. 48, [130 S.Ct. 2011, 176 L.Ed.2d 825] (2010), and who was subsequently resentenced prior to July 1, 2014, [is] entitled to be resentenced pursuant to the provisions of chapter 2014-220, Laws of Florida[.]” (first and third alterations added)).
As properly conceded by the state, O’Neal is entitled to a new sentencing hearing.
We find no merit in the remaining issues raised on appeal.

Reversed and remanded.

Ciklin, C.J., Warner and Klingensmith, JJ., concur.