DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**NOELSON ANDREVIL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-4700

[August 16, 2017]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562008CF003023D.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Surber, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

This appeal challenges concurrent 35-year prison sentences imposed on a juvenile offender on resentencing after the United States Supreme Court decided *Graham v. Florida*, 560 U.S. 48 (2010), and the Florida Legislature enacted chapter 2014-220, Laws of Florida. We reverse appellant's sentences and affirm as to the other points raised on appeal.

In 2008, appellant was 17 years old when he was charged as an adult with attempted armed robbery while wearing a mask (Count I), burglary of a dwelling with an assault or battery while armed (Count II), robbery with a weapon while wearing a mask (Count III), and robbery with a deadly weapon while wearing a mask (Count IV). In 2010, appellant entered a no contest plea to Counts II–IV and was sentenced to 35 years in prison, followed by ten years of probation on Counts II and IV, and to 30 years in prison on Count III, concurrent with the sentences on Counts II and IV. The state entered a nolle prosequi on Count I.

Ten days after appellant's sentence, the United States Supreme Court decided *Graham*. *Graham* held that the Eighth Amendment prohibits life sentences without parole for juvenile offenders who commit nonhomicide crimes. *Graham*, 560 U.S. at 74–75. The Court noted that there were fundamental differences in development and reasoning between juveniles and adults, including a juvenile's (1) lack of maturity and underdeveloped sense of responsibility; (2) vulnerability to negative influences and outside pressures; and (3) character that is not as well formed as that of adults. *Id.* at 68 (citing *Roper v. Simmons*, 543 U.S. 551, 569–70 (2005)). The Court thus held that states must give such juvenile offenders "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Id.* at 75.

In light of *Graham*, in May 2011, appellant moved for postconviction relief. He argued, among other things, that his trial counsel was ineffective for failing to inform him that he could have withdrawn his plea due to the material change in the law following *Graham*. After an evidentiary hearing, the trial court ruled that appellant's trial counsel was ineffective for failing to file a motion to withdraw appellant's plea after *Graham* was decided.

In August 2014, appellant was 23 years old when he again pled no contest to the charges against him. This time, appellant pled to armed burglary with an assault or battery (Count II) and robbery with a deadly weapon (Count IV). The state nolle prossed Counts I and III. Following the sentencing hearing, in November 2014, the court adjudicated appellant and sentenced him to concurrent terms of 35 years in prison, followed by ten years of probation, with credit for 1,933 days.

Appellant filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) with the sentencing court, arguing that he should have been sentenced based on the guidelines in *Graham* and section 921.1402(2)(d), Florida Statutes (2014). The trial court denied the motion because appellant's offense predated the July 1, 2014 offense date stated in section 921.1402, and because appellant's sentence was not a de facto life sentence subject to the requirements of *Graham*.

On appeal, appellant argues that the 35-year prison sentence, followed by ten years of probation, does not afford a meaningful opportunity for early release based on a demonstration of maturity and rehabilitation and, thus, violates the Eighth Amendment's ban on cruel and unusual punishment.

In appellant's initial brief, he argued that his concurrent 35-year sentences constitute a de facto life sentence, based on mortality statistics,

2

quality of life measures, and the lack of a meaningful opportunity for release based on maturity and rehabilitation.  As such, appellant argued that he should be resentenced with retroactive application of the new juvenile sentencing legislation enacted by the Florida Legislature in chapter 2014-220, Laws of Florida.[1]  *See Horsley v. State*, 160 So. 3d 393, 395, 404–06 (Fla. 2015) (holding that the appropriate remedy for cases involving juvenile offenders whose sentences are unconstitutional under *Miller v. Alabama*, 567 U.S. 460 (2012) is to apply chapter 2014-220, Laws of Florida, even if their offenses were committed prior to the legislation's effective date).

During much of the pendency of this appeal, the law in Florida regarding *Graham*'s application to term-of-years sentences was uncertain. Several Florida districts courts, including ours, had concluded that *Graham* does not apply to lengthy term-of-years sentences which do not constitute de facto life sentences requiring resentencing under chapter 2014-220.  *See, e.g., Davis v. State*, 199 So. 3d 546, 550 (Fla. 4th DCA 2016) (holding that a defendant's 75-year sentence does not constitute a de facto life sentence because the defendant has a meaningful opportunity for release during his natural life); *Abrakata v. State*, 168 So. 3d 25, 251, 251-52 (Fla. 1st DCA 2015) (finding that a juvenile's 25-year sentence, day-for-day, does not amount to a de facto life without parole sentence since the defendant will be in his early forties when he is released from prison and declining to retroactively apply the sentencing provisions of chapter 2014-220, Laws of Florida); *Austin v. State*, 127 So. 3d 1286, 1287 (Fla. 1st DCA 2013) (affirming juvenile's 45-year mandatory minimum terms because it did not exceed his life expectancy); *Johnson v. State*, 108 So. 3d 1153, 1153-54 (Fla. 5th DCA 2013) (*Johnson* 1) (affirming a juvenile's 100-year sentence on a charge of burglary of a dwelling while armed because a term-of-years sentence does not violate *Graham*); *Thomas v. State*, 78 So. 3d 644 (Fla. 1st DCA 2011) (affirming juvenile's concurrent 50-year sentences with 25-year mandatory minimums because the sentence does not amount to a life without parole sentence even though the juvenile will be in his late sixties when released from prison).  *But see Floyd v. State*, 87 So. 3d 45 (Fla. 1st DCA 2012) (reversing a juvenile's combined 80-year sentence for two counts of armed robbery, concluding

---

[1] The juvenile sentencing provisions in chapter 2014-220 were enacted in 2014 in response to *Graham* and *Miller v. Alabama*, 567 U.S. 460, 479 (2012) (holding that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders"), and provided judicial review for juvenile offenders who were tried as adults and received prison terms longer than 20 years.

that it constitutes the functional equivalent of a life sentence and is therefore unconstitutional under *Graham*);.

In *Henry v. State,* 175 So. 3d 675 (Fla. 2015), the Florida Supreme Court quashed the Fifth District's decision in *Henry v. State,* 82 So. 3d 1084 (Fla. 5th DCA 2012), which had determined that *Graham* did not apply to term-of-years prison sentences because such sentences do not constitute life imprisonment. *Henry,* 175 So. 3d at 676. Our supreme court disagreed with the Fifth District, reasoning that *Graham* is implicated when the sentence does not afford any "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Id.* at 679 (quoting *Graham,* 560 U.S. at 75). The supreme court concluded that Henry's aggregate 90-year sentence, which required him to be imprisoned until he was at least about 95 years old, did not afford a meaningful opportunity for release during his natural life, and was therefore unconstitutional under *Graham. Id.* at 679–80.

The *Henry* court further noted that a de facto life sentence is not a requirement for review and emphasized that the focus in these cases should not be on the length of the sentence imposed, but rather on whether the sentence affords a "meaningful opportunity for early release based on a demonstration of maturity and rehabilitation." *Id.* at 680 (citing *Graham,* 560 U.S. at 75). The court concluded that "the Eighth Amendment will not tolerate prison sentences that lack a review mechanism for evaluating this special class of offenders for demonstrable maturity and reform in the future because any term of imprisonment for a juvenile is qualitatively different than a comparable period of incarceration is for an adult." *Id.* Accordingly, the court remanded Henry's cases for resentencing under chapter 2014-220. *Id.*

In appellant's supplemental brief, filed after the Florida Supreme Court's decision in *Kelsey v. State,* 206 So. 3d 5 (Fla. 2016), appellant argued that a finding of a de facto life sentence was not determinative of his entitlement to resentencing under chapter 2014-220. He contended that *Kelsey* clarified that *Graham* applies to term-of-years sentences that may not be equivalent to life sentences and requires that juveniles who are serving lengthy sentences be given periodic judicial review to determine whether they can demonstrate maturity and rehabilitation.

*Kelsey* held that a juvenile defendant whose original sentence violated *Graham* and who was subsequently resentenced prior to July 1, 2014 was entitled to be resentenced pursuant to the provisions of chapter 2014-220. *Kelsey,* 206 So. 3d at 10-11. In *Kelsey,* the juvenile defendant was originally sentenced to two life sentences and two concurrent 25-year

4

terms for nonhomicide offenses. *Id.* at 6. After *Graham*, he was resentenced to concurrent 45-year sentences. *Id.* at 7. On appeal, he asked the court to vacate those sentences and resentence him under the new juvenile sentencing legislation with a review mechanism, consistent with the Florida Supreme Court's decision in *Henry*. *See Kelsey v. State,* 183 So. 3d 439, 441 (Fla. 1st DCA 2015). The First District denied his request for relief, reasoning that his 45-year sentence was not a de facto life sentence in violation of *Graham*. *Id.* at 441–42. As discussed above, the Florida Supreme Court later disagreed and held that he was entitled to resentencing and judicial review. *Kelsey,* 206 So. 3d at 10-11.

In *Kelsey,* the Florida Supreme Court explained that its holding in *Henry* "was not predicated on the term of the sentence but rather on the status of, and the opportunity afforded, the offender." *Id.* at 9. The court described its decision in *Henry* as "unequivocal" and reaffirmed that the special class of juvenile nonhomicide offenders recognized in *Graham* should receive the remedy outlined in *Horsley*.[2] *Id.* at 9–10. The court in *Kelsey* considered the decisions in *Henry, Horsley* and *Thomas,* along with the Legislature's intent in passing chapter 2014-220, Laws of Florida, and determined that "juveniles who are serving lengthy sentences are entitled to periodic judicial review to determine whether they can demonstrate maturation and rehabilitation." *Id.* at 10-11.

We recently applied *Kelsey* to reverse a juvenile's 45-year sentence. *See O'Neal v. State,* 211 So. 3d 303, 304 (Fla. 4th DCA 2017) (holding that a defendant whose original sentence violated *Graham*, and who was subsequently resentenced prior to July 1, 2014, is entitled to be resentenced pursuant to the provisions of chapter 2014–220, Laws of Florida).[3]

Recently, the Florida Supreme Court resolved the conflict between *Johnson* I and *Floyd*. *See Johnson v. State,* 215 So. 3d 1237 (Fla. 2017) (*Johnson* II). As mentioned above, in *Floyd*, the First District reversed a juvenile's combined 80-year sentence for two counts of armed robbery, concluding that the sentence constitutes the functional equivalent of a life

---

[2] In *Horsley*, our supreme court concluded that applying chapter 2014-220 to all juvenile offenders whose sentences are unconstitutional under *Miller* is the proper remedy to give effect to the commandment of the United States Supreme Court in *Miller*. 160 So. 3d at 395, 405.

[3] We have also certified to the Florida Supreme Court the question of whether chapter 2014-220 is triggered by all juvenile sentences that exceed the statutory threshold, including offenses committed before July 1, 2014. *See Davis,* 199 So. 3d at 552.

sentence and violates *Graham.* 87 So. 3d at 45–47. By contrast, in *Johnson* I, the Fifth District affirmed a juvenile's 100-year sentence for two counts of armed robbery, holding that *Graham* does not apply to term-of-years sentences. 108 So. 3d at 1153–54. After considering *Graham* and its decisions in *Henry* and *Kelsey,* the supreme court quashed the Fifth District's decision. *Johnson* II, 215 So. 3d at 1244. The court concluded that the sentence imposed in *Johnson* I did not provide the juvenile nonhomicide offender a meaningful opportunity for early release based on maturity and rehabilitation during his natural life. *Id.*

Based on *Johnson* II and the rationale underlying *Henry* and *Kelsey*, we conclude that appellant must be afforded periodic review under chapter 2014-220, Laws of Florida. *Johnson* II stated that its holding in *Henry* "was not predicated on the term of the sentence, but on the status of, and the opportunity afforded, the offender." 215 So. 3d at 1240. *Johnson* II noted that the length of the sentence alone is not dispositive because "any term of imprisonment for a juvenile is qualitatively different than a comparable period of incarceration is for an adult." *Id.* at 1239–40 (citing *Henry,* 175 So. 3d at 680). *Johnson* II further disagreed that gain time could satisfy the requirements of *Graham* because this avenue of early release is not adequately based on a juvenile's demonstration of maturity and rehabilitation. *Id.* at 1239, 1242.

In *Johnson* II, the supreme court further clarified its position in *Kelsey* that *Graham* "does indeed apply to term-of-years sentences" and that such sentences need not be "de facto life" sentences. *Id.* at 1240 (quoting *Kelsey,* 206 So. 3d at 10). Here, the trial court denied appellant's postconviction motion to be sentenced under section 921.1402(2)(d), Florida Statutes, because his offense predated July 1, 2014 and because appellant's 35-year sentence was not a de facto life sentence. However, like the sentences in *Kelsey* and *Johnson* II, appellant's post-*Graham* sentences were based on offenses he committed before the statute's July 1, 2014 effective date, and while he was a juvenile. Moreover, unlike the defendant in *Kelsey,* appellant was resentenced *after* the July 1, 2014 effective date of chapter 2014-220. We thus conclude that appellant was entitled to the benefit of the new sentence review statute and a meaningful opportunity for release based on demonstrated maturity and rehabilitation, as detailed in *Johnson* II.

Accordingly, we reverse appellant's sentence and remand for resentencing in accordance with the sentencing procedures set forth in chapter 2014-220, Laws of Florida, as codified in sections 921.1401 and 921.1402, Florida Statutes.

*Affirmed in part, Reversed in part and Remanded.*

CONNER and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**