DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTIN BILOTTI,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-3559

[February 14, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. 08-3720CF10B.

Carey Haughwout, Public Defender, and Mara C. Herbert, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melanie Dale Saber, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant appeals her conviction for second-degree murder. We reverse the conviction for all the reasons stated in *Pacchiana v. State*, No. 4D15-3340 (Fla. 4th DCA February 14, 2018).

*Reversed and remanded.*

GERBER, C.J., concurs in part and dissents in part with opinion.
MAY, J., dissents with opinion.

GERBER, C.J., concurring in part and dissenting in part with opinion.

For the reasons expressed in my concurrence in *Pacchiana v. State*, No. 4D15-3340 (Fla. 4th DCA February 14, 2018), I concur with Judge Levine's ultimate conclusion to reverse the defendant's conviction and remand for a new trial.

MAY, J., dissenting.

For the reasons expressed in my dissent in *Pacchiana v. State*, No. 4D15-3340 (Fla. 4th DCA February 14, 2018), I dissent from the majority on the prospective juror issue. I would affirm the conviction, but for the reasons expressed below,

I would reverse and remand the case for resentencing.

The defendant was the former girlfriend of the victim. She claimed that he raped her. When her father learned of the rape, he and three of his employees travelled to the defendant's mother's house where the defendant's father stated "he's dead," in reference to the victim.

Later that day, the victim was shot by one of the father's employees at the mother's house. The State's theory, which the jury believed, was that the defendant lured her former boyfriend to her mother's house, knowing that her father's employee intended to kill him. Her father and the employee who shot the victim were convicted of first degree murder and conspiracy to commit first degree murder. The defendant was convicted and sentenced for second degree murder, from which she now appeals.

The defendant argues the trial court erred in denying her motion to correct sentence. Because she was a juvenile when the offense was committed and was sentenced to a lengthy term of years without subsequent judicial review, she argues that she is entitled to be resentenced. The State responds the defendant is not entitled to resentencing solely based upon her status as a juvenile offender. I disagree with the State and would reverse on this issue.

We have de novo review of an alleged sentencing error. *Kittles v. State*, 31 So. 3d 283, 284 (Fla. 4th DCA 2010).

The defendant moved to correct her sentence, pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). She argued her juvenile status at the time of the offense entitled her to a review of her sentence after 15 years. The motion was deemed denied when the trial court failed to rule within 60 days. *See* Fla. R. Crim. P. 3.800(b)(2)(B).

Section 921.1402(2)(c), Florida Statutes (2015), provides that juvenile offenders sentenced to more than 15 years are entitled to a review of their sentence after 15 years if they did not actually kill, intend to kill, or attempt to kill the victim. *See also* § 775.082(3)(a)(5)(c), Fla. Stat. (2015). Section 921.1402 limits its application to juveniles who committed the offense on or after July 1, 2014. § 921.1402(1).

But, in *Horsley v. State*, 160 So. 3d 393, 409 (Fla. 2015), our supreme court held this section applied retroactively to "all juvenile offenders whose sentences are unconstitutional under *Miller.*" *Id.* (referring to *Miller v. Alabama*, 567 U.S. 460, 489 (2012)). Our supreme court has since extended the retroactive application of 921.1402 to all juvenile non-homicide offenders with lengthy sentences. *See Johnson v. State*, 215 So. 3d 1237, 1239 (Fla. 2017) (holding the defendant was entitled to resentencing and judicial review because his sentence

2

would not provide him a meaningful opportunity for relief).

We recently addressed the issue in *Andrevil v. State*, 226 So. 3d 867 (Fla. 4th DCA 2017). There, the defendant was sentenced to 35 years in prison without an opportunity for review. *Id.* at 867. The defendant's sentence was imposed after the effective date of section 921.1402, and was based on offenses he committed as a juvenile before the statute's effective date. *Id.* at 867-68. We concluded the defendant "was entitled to the benefit of the new sentence review statute and a meaningful opportunity for release based on demonstrated maturity and rehabilitation . . . ." *Id.* at 871.

The issue is whether the retroactive application of section 921.1402 applies to homicide cases. *Johnson* and *Andrevil* dealt with non-homicide offenses, but the court's analysis focused on section 921.1402. Homicide offenses fall within that section. And, other recent decisions suggest that resentencing is warranted even in homicide cases if the defendants are juveniles when the offense is committed.

The Second District held that a defendant sentenced to 40 years in prison for **second degree murder** was not entitled to a review of his sentence because he did not receive a life sentence or a de facto life sentence. *Waiters v. State*, 210 So. 3d 209, 210 (Fla. 2d DCA 2016). Our supreme court quashed the decision and remanded the case for resentencing. *Waiters v. State*, 42 Fla. L. Weekly S751 (Fla. June 23, 2017).

In *Tarrand v. State*, 199 So. 3d 507, 509 (Fla. 5th DCA 216), the Fifth District held that resentencing was warranted in a homicide case because the defendant was a juvenile at the time the crime was committed. *But see Davis v. State*, 214 So. 3d 799 (Fla. 1st DCA 2017) (affirming the denial of a request for resentencing of a juvenile sentenced to 35 years for second degree murder).

Here, the defendant was 17 years old at the time of the offense. Ten years later, she was sentenced to thirty years in prison followed by two years of community control and eight years of probation. The trial court remarked:

> I think you made some very bad choices, you were young, impetuous, but you made some very, very bad choices. I think the evidence before the Court, and I think the jury so found, is that you indeed did manipulate this process and cause this.

> I have evaluated and weighed the aggravating and mitigating circumstances here, I have taken into account your age at the time of the offense, the facts and circumstances, [and] your involvement in the crime.

Though the defendant was not sentenced to life or a de facto life sentence, the trend of current case law appears to afford her a review of her 30-year sentence and a meaningful opportunity for release based on demonstrated maturity and rehabilitation.  *See Waiters*, 42 Fla. L. Weekly S751; *Andrevil*, 226 So. 3d 867; *Tarrand*, 199 So. 3d 507.  I therefore would reverse and remand the case to the trial court for resentencing in accordance with section 921.1402.

*        *        *

***Not final until disposition of timely filed motion for rehearing.***