DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DENNIS L. HART,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2468

[May 2, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Glenn D. Kelley, Judge; L.T. Case No. 50-1997-CF-001467-BXXX-MB.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney, Senior Assistant Attorney General, West Palm Beach, for appellee.

*EN BANC*

LEVINE, J.

The issue in this case is whether a 30-year prison sentence for a non-homicide offense committed when appellant was a juvenile violates the Eighth Amendment or *Graham v. Florida*, 560 U.S. 48 (2010). Because we cannot conclude that the sentence violates the United States Constitution, we affirm.

In 1997, appellant entered an open plea to the following offenses committed when he was 16 years old: burglary of a dwelling while armed with a firearm (count I), robbery with a firearm (counts II-VI), and attempted robbery with a firearm (count VII). The trial court sentenced him to concurrent terms of 30 years in prison for counts I through VI and 15 years for count VII.

In 2002, appellant moved to correct his sentence based upon *Heggs v. State*, 759 So. 2d 620 (Fla. 2000). The state conceded there was a *Heggs*

violation.  With a corrected scoresheet, appellant's maximum permissible sentence was 21.42 years in prison.  The trial court resentenced appellant on counts II-VI to 20 years in prison.  He was not resentenced on count I and is still serving 30 years for that offense.  It is unclear from the record on appeal in this case why appellant was not resentenced on count I.

In April 2017, appellant filed the instant rule 3.800(a) motion seeking resentencing pursuant to *Graham, Henry v. State*, 175 So. 3d 675 (Fla. 2015), and *Kelsey v. State*, 206 So. 3d 5 (Fla. 2016).  Appellant argued that the trial court must reconsider his sentence in light of the factors enumerated in section 921.1401(2), Florida Statutes (enacted as part of chapter 2014-220).

The trial court set the case for resentencing.  Prior to the hearing, defense counsel filed memoranda of law explaining that appellant was entitled to resentencing under the 1994 guidelines.  Counsel argued that the most appellant could receive was 21.42 years in prison and the court could not impose an upward departure without violating *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004).  At the time, appellant had served over 20 years in prison.

The trial court requested additional briefing as to whether resentencing was required, and the parties filed additional memoranda.  Discussing the Florida Supreme Court's decisions in *Kelsey, Henry,* and *Johnson v. State*, 215 So. 3d 1237 (Fla. 2017), the defense argued that any term-of-year sentences for juvenile offenders without review provisions are illegal.  The state asserted that appellant's sentence did not constitute a *Graham* violation and chapter 2014-220 comes into play only if resentencing is required.

The trial court denied appellant's motion based in part upon this court's decision in *Davis v. State*, 199 So. 3d 546 (Fla. 4th DCA 2016), which involved a 75-year sentence challenged in a motion for postconviction relief.  In its ruling, the trial court stressed that *Kelsey* and *Johnson* were cases where the original life without parole sentence for non-homicide offenses clearly violated *Graham.*  The court concluded:

> While the Court does not believe that the Supreme Court has yet to mandate resentencing of all juveniles sentenced to a term of years without a review mechanism, this issue is ripe for appellate guidance.  Certainly there is considerable confusion surrounding the status of juvenile offenders whose original sentences did not violate *Graham.*

2

While this appeal was pending, the Florida Supreme Court quashed this court's decision in *Davis* and remanded for resentencing in light of the decision in *Johnson*. *Davis v. State*, SC16-1905, 2018 WL 480516 (Fla. Jan. 19, 2018).

In *Graham*, the United States Supreme Court held that the Eighth Amendment prohibits a non-homicide juvenile offender from receiving a sentence of life without parole unless there is "some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." 560 U.S. at 75. In response to *Graham*, the Florida Legislature enacted chapter 2014-220, Laws of Florida, which has been codified in sections 775.082, 921.1401, and 921.1402, Florida Statutes. Chapter 2014-220 requires that juvenile offenders who commit offenses after July 1, 2014 receive a review hearing and an opportunity for early release after serving 15, 20, or 25 years depending on the crime committed and the length of the prison sentence.

Subsequently, the Florida Supreme Court decided *Henry, Kelsey, Johnson*, and *Lee v. State*, 234 So. 3d 562 (Fla. 2018). In *Henry*, a juvenile non-homicide offender who was sentenced to life plus 60 years was resentenced following *Graham* to an aggregate of 90 years. 175 So. 3d at 676. Citing *Graham*, the supreme court found the new sentence unconstitutional and remanded for resentencing under chapter 2014-220. *Id.* at 679-80.

In *Kelsey*, a juvenile non-homicide offender who was sentenced to life plus 25 years was resentenced to 45 years after *Graham* but before the Florida Legislature passed chapter 2014-220. 206 So. 3d at 6-7. The supreme court clarified that a term-of-years sentence does not have to amount to a de facto life sentence to violate *Graham*. *Id.* at 10. The court further stated that "juveniles who are serving lengthy sentences are entitled to periodic judicial review to determine whether they can demonstrate maturation and rehabilitation." *Id.* The court concluded that the 45-year resentence did not provide a meaningful opportunity for relief within his lifetime and remanded for resentencing under chapter 2014-220. *Id.* at 11.

In *Johnson*, a juvenile non-homicide offender who was sentenced to life was resentenced following *Graham* to 100 years. 215 So. 3d at 1239. The supreme court stated that "we have determined that *Graham* prohibits juvenile nonhomicide offenders from serving lengthy terms of incarceration without any form of judicial review mechanism." *Id.* at 1240. Because the sentence violated *Graham*, the court remanded for resentencing under chapter 2014-220. *Id.* at 1243-44.

3

In *Lee,* a juvenile non-homicide offender who was sentenced to life was resentenced to 40 years after the decision in *Graham* but before the Florida Legislature passed chapter 2014-220. 234 So. 3d at 563-64. The supreme court reversed and remanded for resentencing under chapter 2014-220, finding the sentence did not "provide him an opportunity to obtain early release based on a demonstration of maturity and rehabilitation before the expiration of the imposed term." *Id.* at 564.[1]

We distinguish *Henry, Kelsey, Johnson,* and *Lee,* as those cases all involve juvenile non-homicide offenders who were resentenced following *Graham* and whose sentences imposed on resentencing still were unconstitutional. In those cases, the violation of the dictates of *Graham* resulted in resentencing, which was mandated by the Florida Supreme Court to be in accordance with chapter 2014-220. In contrast, the instant case involves an original sentence, and there is no clear authority stating that a 30-year sentence violates *Graham* so as to trigger resentencing under chapter 2014-220. The dissent overlooks this distinction and, in doing so, conflates *Graham* and chapter 2014-220.

Certainly considerable confusion remains as to when a juvenile non-homicide offender sentence becomes illegal under *Graham* so as to mandate resentencing. In other words, it is unclear whether the triggering factor is a per se "lengthy" sentence, a sentence that exceeds the statutory threshold of chapter 2014-220, or just any "term-of-years" sentence. Despite this confusion, what is clear is that the Florida Supreme Court has not plainly required that all "term-of-years" juvenile offender sentences—even those of shorter duration—provide a mechanism for early release based on demonstrated maturity and rehabilitation. Nor has the supreme court expressly stated that any juvenile offender sentence exceeding the thresholds for review in chapter 2014-220 is unconstitutional or otherwise illegal.

The Florida Supreme Court has not yet applied *Graham* to a 30-year or shorter sentence. In *Abrakata v. State,* 168 So. 3d 251 (Fla. 1st DCA 2015), a juvenile offender who received a 25-year sentence for non-homicide offenses argued that his sentence violated *Graham* and that he was entitled to review under section 921.1402(2)(c). The First District concluded that the sentence did not violate *Graham* and without a *Graham* violation, section 921.1402 did not apply retroactively. *Id.* at 252. The

---

[1] Similarly, this court has remanded cases where defendants received resentencing mandated by *Graham,* but did not receive sentence review under chapter 2014-220. *See Andrevil v. State,* 226 So. 3d 867 (Fla. 4th DCA 2017); *Burger v. State,* 232 So. 3d 1 (Fla. 4th DCA 2017).

supreme court declined review.  *See* SC15-1325, 2017 WL 24657 (Fla. Jan. 3, 2017) (Pariente, J., dissenting).  *See also Hill v. State*, 172 So. 3d 491 (Fla. 1st DCA 2015), *rev. denied*, SC15-1667, 2017 WL 24659 (Fla. Jan. 3, 2017) (Pariente, J., dissenting) (involving a 35-year sentence for non-homicide offenses); *McCullum v. State*, 173 So. 3d 1056 (Fla. 1st DCA 2015), *rev. denied*, SC15-1770, 2017 WL 24756 (Fla. Jan. 3, 2017) (Pariente, J., dissenting) (involving an aggregate 55-year sentence for non-homicide offenses); *Williams v. State*, SC16-2170, 2018 WL 1870518 (Fla. Apr. 19, 2018) (involving a plurality opinion which, based entirely on the state's concession, ended inquiry and remanded for resentencing of a 35-year sentence pursuant to chapter 2014-220).

Further, no decision from the Supreme Court of the United States has expanded *Graham* so broadly that it would encompass a 30-year sentence. *See, e.g., Virginia v. LeBlanc*, 137 S. Ct. 1726, 1729 (2017) (holding that it was not objectively unreasonable for a Virginia state court to conclude that Virginia's geriatric release program, which employed normal parole factors and allowed for conditional release after a defendant reaches age 60 or 65, "satisfied *Graham*'s requirement that juveniles convicted of a nonhomicide crime have a meaningful opportunity to receive parole").

Our court has also previously declined to find that a 31-year sentence imposed for crimes committed prior to the enactment of chapter 2014-220 requires resentencing.  *See Tillman v. State*, 42 Fla. L. Weekly D1844 (Fla. 4th DCA Aug. 23, 2017); *see also Davis v. State*, 214 So. 3d 799 (Fla. 1st DCA 2017) (concluding that a juvenile offender's 35-year sentence for homicide and non-homicide offenses did not violate *Graham* or *Miller v. Alabama*, 567 U.S. 460 (2012), so resentencing was not required).

There is simply no authority—either constitutional, statutory, or precedential—stating that any "term-of-years" juvenile offender sentence that does not provide an opportunity for early release, or any sentence exceeding the statutory thresholds in chapter 2014-220, is unconstitutional under *Graham* and requires resentencing even if the offense was committed prior to chapter 2014-220's effective date.  In the absence of a *Graham* violation, there is no clear authority to resentence. To hold otherwise would effectively require resentencing in every "term-of-years" case or every case where the sentence exceeds the statutory thresholds, no matter when the crime was committed.

In order for a mandated resentencing under chapter 2014-220 to come into play, there must first be a *Graham* violation.  Without a clear violation of *Graham*, there is no requirement for a resentencing under chapter 2014-220.

Significantly, the prohibition against cruel and unusual punishment in the Florida Constitution must be construed in conformity with decisions of the Supreme Court of the United States interpreting the Eighth Amendment. Art. I, § 17, Fla. Const.; *Correll v. State*, 184 So. 3d 478, 489 (Fla. 2015) ("[T]his Court is bound by the conformity clause of the Florida Constitution to construe the state prohibition against cruel and unusual punishment consistently with pronouncements by the United States Supreme Court."). Thus, we decline to expand the holding of *Graham.*

Appellant did not receive a life without parole sentence and, even if he serves his 30-year sentence day-for-day, he will be released when he is in his forties. Given these circumstances, we cannot conclude that the 30-year sentence violates the Eighth Amendment or *Graham,* especially in the absence of any authority to the contrary.

We affirm the trial court's order and certify conflict with the following decisions: *Cuevas v. State*, 43 Fla. L. Weekly D563 (Fla. Mar. 9, 2018) (reversing the denial of a rule 3.800(a) motion and concluding that a juvenile non-homicide offender's sentences of 26 years in prison were unconstitutional under *Graham* as construed in *Henry* and *Johnson*); *Blount v. State*, 43 Fla. L. Weekly D476 (Fla. 2d DCA Feb. 28, 2018) (reversing the denial of a rule 3.800(a) motion to correct juvenile non-homicide sentences of 40 years in prison and remanding for resentencing pursuant to *Johnson*); *Mosier v. State*, 235 So. 3d 957 (Fla. 2d DCA 2017) (reversing the denial of a rule 3.800(a) motion and concluding that a juvenile non-homicide offender's sentences of 30 years in prison followed by 10 years of sexual offender probation were unconstitutional under *Graham* as construed in *Henry* and *Johnson*); *Alfaro v. State*, 233 So. 3d 515, 516 (Fla. 2d DCA 2017) (reversing 30-year sentences for non-homicide offenses and rejecting trial court's conclusion that "*Kelsey* only applied to juvenile offenders like Kelsey who initially received life sentences but had been resentenced to a term of years under *Graham*"); *Burrows v. State*, 219 So. 3d 910, 911 (Fla. 5th DCA 2017) (reversing denial of postconviction relief and remanding for resentencing where juvenile offender received 25-year sentences for non-homicide offenses).

Our affirmance is without prejudice to appellant filing a rule 3.800(a) motion to correct an illegal sentence if the sentence on count I violates *Heggs* and the failure to correct the sentence was an oversight or error.

*Affirmed. Conflict certified.*

6

GERBER, C.J., DAMOORGIAN, CIKLIN, CONNER, FORST, KLINGENSMITH and KUNTZ, JJ., concur.

WARNER, J., dissenting.

As the Florida Supreme Court has already addressed the issue presented in the majority opinion, I dissent. I would reverse and remand for resentencing of Hart consistent with *Lee v. State*, 234 So. 3d 562 (Fla. 2018); *Johnson v. State*, 215 So. 3d 1237 (Fla. 2017); and *Kelsey v. State*, 206 So. 3d 5 (Fla. 2016).

The issue presented is whether a juvenile sentenced, for a non-homicide offense, to prison for thirty years prior to *Henry v. State*, 175 So. 3d 675 (Fla. 2015), must be resentenced. In *Kelsey*, the court considered the following question:

> Is a defendant whose original sentence violated *Graham v. Florida*, 560 U.S. 48 [130 S. Ct. 2011, 176 L. Ed. 2d 825] (2010), and who was subsequently resentenced prior to July 1, 2014, entitled to be resentenced pursuant to the provisions of chapter 2014–220, Laws of Florida?

*Kelsey*, 206 So. 3d at 6 (alterations in original). The court answered this question in the affirmative. It did not limit its answer to sentences in excess of thirty years. After reviewing the prior case law, the court concluded that Chapter 2014-220, requiring periodic judicial review, should be applied to all juveniles serving lengthy sentences who were sentenced prior to *Henry*:

> In other words, we have determined through our reading of the Legislature's intent in passing chapter 2014–220, Laws of Florida, that juveniles who are serving lengthy sentences are entitled to periodic judicial review to determine whether they can demonstrate maturation and rehabilitation. It would be antithetical to the precept of *Graham* and chapter 2014–220, Laws of Florida, to interpret them so narrowly as to exclude a juvenile offender who happens to have been resentenced before this Court issued *Henry*.

*Kelsey*, 206 So. 3d at 10.

A lengthy sentence thus violates the precepts of *Graham* when it does not provide a means of early release based on maturity. The legislature

7

settled upon specific judicial review of sentences as satisfying the means for release. The court concluded:

> In *Henry*, we determined that the Legislature's remedy was the appropriate remedy in these cases, **and the Legislature has determined that the "means and mechanisms for compliance" with *Graham* are to provide judicial review for juvenile offenders who are sentenced to terms longer than *twenty* years**. Therefore Kelsey is entitled to resentencing under those provisions.

*Id.* at 11 (emphasis added). Thus, the court determined to follow the provisions of chapter 2014-220, Laws of Florida, for those pre-*Henry* sentences imposed on juveniles which exceed twenty years.

The court expanded that reasoning in *Johnson v. State*, 215 So. 3d 1237, 1243 (Fla. 2017), and held that three factors must be considered in reviewing a juvenile's term of years sentence post-*Henry*.

> In other words, pursuant to *Henry*, we must consider three factors when reviewing a juvenile nonhomicide offender's term-of-years sentence. Post–*Henry*, we must ensure that a juvenile nonhomicide offender does not receive a sentence that provides for release only at the end of a sentence (e.g. a 45-year sentence with no provision for obtaining early release based on a demonstration of maturity and rehabilitation before the expiration of the imposed term, such as in *Kelsey*). Secondly, we must ensure that a juvenile nonhomicide offender who is sentenced post-*Henry* does not receive a sentence which includes early release that is not based on a demonstration of rehabilitation and maturity (i.e. gain time or other programs designed to relieve prison overpopulation). Last, we must ensure that a juvenile nonhomicide offender who is sentenced post-*Henry* does not receive a sentence that provides for early release at a time beyond his or her natural life (e.g. a 1,000-year sentence that provides parole-eligibility after the offender serves 100 years). To qualify as a "meaningful opportunity for early release," a juvenile nonhomicide offender's sentence must meet each of the three parameters described in *Henry*.

Significantly, the court noted that the State in its answer brief in *Johnson* conceded that the length of sentence was not controlling. "The State argues that it is not the length of the sentence given, but rather whether

8

the juvenile offender will have some meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Id.* The court reiterated that the length of sentence was not the controlling factor:

> Further, we previously acknowledged that the length of the sentence alone was not dispositive in *Kelsey* when we said that Kelsey's "sentence was unconstitutional not because of the length of his sentence, but because it did not provide him a meaningful opportunity for early release based on maturation and rehabilitation" during his natural life. *Kelsey*, 206 So.3d at 11.

*Id.* Most recently, the court again addressed the issue in *Lee v. State.* Lee was serving a forty-year sentence for a nonhomicide crime. 234 So. 3d at 563. The court recited the three factors listed in *Johnson* to consider whether the defendant required resentencing and held that "Lee's sentence does not provide him an opportunity to obtain early release based on a demonstration of maturity and rehabilitation before the expiration of the imposed term. Accordingly, Lee is entitled to resentencing under the juvenile sentencing provisions in chapter 2014–220." *Id.* at 564. In other words, it is the opportunity for early release based on a demonstration of maturity which is required.

We have already applied the analysis of *Kelsey* and *Johnson* to a juvenile who received a thirty-five-year sentence in *Andrevil v. State*, 226 So. 3d 867, 871 (Fla. 4th DCA 2017), concluding it was not the length of sentence alone but the requirement that a juvenile have the opportunity for early release based upon maturation, and thus early judicial review, which is necessary:

> Based on *Johnson II* and the rationale underlying *Henry* and *Kelsey*, we conclude that appellant must be afforded periodic review under chapter 2014–220, Laws of Florida. *Johnson II* stated that its holding in *Henry* "was not predicated on the term of the sentence, but on the status of, and the opportunity afforded, the offender." 215 So. 3d at 1240. *Johnson II* noted that the length of the sentence alone is not dispositive because "any term of imprisonment for a juvenile is qualitatively different than a comparable period of incarceration is for an adult." *Id.* at 1239–40 (citing *Henry*, 175 So. 3d at 680).

*Id.* As noted in the majority opinion, other courts have held that sentences in excess of twenty years require resentencing pursuant to *Kelsey* and *Johnson.*

9

The majority also mentions several juvenile cases in which the supreme court has declined to exercise discretionary jurisdiction where the juvenile was not resentenced and had a sentence of thirty years or greater. *Abrakata v. State*, 168 So. 3d 251, 252 (Fla. 1st DCA 2015), *rev. denied*, No. SC15-1325, 2017 WL 24657 (Fla. Jan. 3, 2017) (Pariente, J., dissenting) (involving twenty-five year sentence for non-homicide offenses); *Hill v. State*, 172 So. 3d 491 (Fla. 1st DCA 2015), *rev. denied*, No. SC15-1667, 2017 WL 24659 (Fla. Jan. 3, 2017) (Pariente, J., dissenting) (involving thirty-five-year sentence for non-homicide offenses); *McCullum v. State*, 173 So. 3d 1056 (Fla. 1st DCA 2015), *rev. denied*, No. SC15-1770 2017 WL 24756 (Fla. Jan. 3, 2017) (Pariente, J., dissenting) (involving aggregate fifty-year sentence for non-homicide offenses). I cannot explain why the supreme court would not exercise jurisdiction in those cases, although the underlying decisions were all rendered prior to the decisions in *Kelsey* and *Johnson*. If the court is actually determining that juvenile sentences less than forty or forty-five years do not require resentencing, then the court should revisit its ruling in *Kelsey*.

For these reasons, I would follow *Kelsey, Johnson,* and *Lee* and reverse for resentencing consistent with these cases.

GROSS, TAYLOR and MAY, JJ., concur.

*    *    *

***Not final until disposition of timely filed motion for rehearing.***