# Third District Court of Appeal

## State of Florida

Opinion filed March 27, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-0218
Lower Tribunal No. 96-7212
_____

**Richardson Francois,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Richardson Francois, in proper person.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before FERNANDEZ and LINDSEY, JJ., and LEBAN, Senior Judge.

LINDSEY, J.

Richardson Francois appeals the summary denial of his motion for relief from judgment entered for crimes he committed while he was a juvenile. For the reasons set forth below, we affirm.

In August of 1998, Francois was sentenced to thirty years in state prison after being convicted of two counts of armed robbery. The crimes were committed when Francois was seventeen years old. In August of 2017, Francois moved the trial court for relief under Graham v. Florida, 560 U.S. 48 (2010), Miller v. Alabama, 567 U.S. 460 (2012), and their Florida progeny. Francois argued that because the sentence imposed was for crimes committed when he was a juvenile, he is entitled to have his sentenced reviewed pursuant to sections 775.082, 921.1401, and 921.1402, Florida Statutes (2017). After a response from the State, the trial court summarily denied Francois's motion finding it to be legally insufficient and successive.

We affirm the trial court's denial of relief, albeit on other grounds. Francois was sentenced to serve thirty years in state prison. The State asserts that Francois is "guaranteed release at the age of forty seven." Under these circumstances, Francois has failed to prove a Graham/Miller violation that would entitle him to the benefits of the new juvenile sentencing law. See Hart v. State, 246 So. 3d 417, 420 (Fla. 4th DCA 2018) ("The Florida Supreme Court has not yet applied *Graham* to a thirty-year or shorter sentence . . . [N]o decision from the Supreme Court of the United

States has expanded *Graham* so broadly that it would encompass a 30-year sentence." ), <u>rev. granted</u>, No. SC18-967, 2018 WL 4614150 (Fla. Sept. 7, 2018)[1]; <u>see also</u> <u>Pedroza v. State</u>, 244 So. 3d 1128 (Fla. 4th DCA 2018) (affirming a forty-year sentence following a second degree murder conviction imposed when Pedroza was a juvenile), <u>rev. granted</u>, No. SC 18-964, 2018 WL 6433136 (Fla. Dec. 6, 2018).

Affirmed.

---

[1] On October 4, 2018, Hart filed a Notice of Mootness with the Florida Supreme Court while his case was pending. In the Notice, Hart acknowledged that the remedy he had sought was a resentencing pursuant to <u>Graham</u>, among others, and pursuant to section 921.1401(2), Florida Statutes (2017) (enacted as part of chapter 2014-220). Hart further noted that the Fourth District had affirmed the denial of his 3.800(a) motion without prejudice to Hart filing a rule 3.800(a) motion to correct an illegal sentence if his sentence violated <u>Heggs v. State</u>, 759 So. 2d 620 (Fla. 2000), and the failure to correct the sentence was an oversight or error. <u>See</u> <u>Hart</u>, 246 So. 3d at 421. Hart was ultimately resentenced to twenty years' imprisonment and released during the pendency of his appeal, which resulted in his filing of the Notice. On November 27, 2018, the Florida Supreme Court recognized Hart's Notice and dismissed his appeal.