DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN CALVIN GERMAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3635

[November 13, 2019]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Gary L. Sweet, Judge; L.T. Case No. 2007CF005089B.

Carey Haughwout, Public Defender, and Benjamin Eisenberg, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

John Calvin German appeals a circuit court order that denied his motion to correct illegal sentence and vacated an earlier order granting resentencing. We reverse and remand for reinstatement of the earlier order because the circuit court lacked jurisdiction to vacate it.

Appellant was convicted of home invasion robbery with a firearm and attempted sexual battery with threat of great force. The trial court sentenced him in 2008 to fifty years in prison for the robbery with a ten-year mandatory minimum and fifteen years for the attempted sexual battery. This court affirmed in *German v. State*, 27 So. 3d 130, 131 (Fla. 4th DCA 2010). In a rule 3.800(a) motion, appellant challenged his fifty-year sentence under *Graham v. Florida*, 560 U.S. 48 (2010). The state conceded appellant was entitled to resentencing under the provisions of chapter 2014-220, Laws of Florida. The circuit court granted appellant's motion, ordering that he was entitled to a resentencing hearing. The state did not appeal.

Later, this court issued *Hart v. State*, 246 So. 3d 417, 417 (Fla. 4th DCA 2018), *review granted*, SC18-967, 2018 WL 4614150 (Fla. Sept. 7, 2018), *and case dismissed*, SC18-967, 2018 WL 6181698 (Fla. Nov. 27, 2018), holding that a juvenile defendant's thirty-year sentence for non-homicide offenses did not violate the Eighth Amendment or *Graham*. This led the state to file in the circuit court a supplemental response and motion to strike or stay the resentencing hearing. The circuit court agreed with the state, vacated its earlier order granting resentencing, and denied the motion to correct illegal sentence.

The order granting resentencing became final and non-appealable when neither party moved for rehearing or appealed. *See Jones v. State*, 44 Fla. L. Weekly D2349 (Fla. 4th DCA Sept. 18, 2019)*; Simmons v. State*, 274 So. 3d 468, 470-71 (Fla. 1st DCA 2019). After that, the circuit court lacked jurisdiction to vacate that order.

We reverse the order on appeal and remand for the circuit court to reinstate its original order granting resentencing. The trial court should resentence appellant to a lawful sentence on remand, based on the controlling law at the time of resentencing. *See Jones*, 44 Fla. L. Weekly D2349. We decline to address the substantive challenges appellant raises as to the current sentencing law.

*Reversed and remanded with instructions.*

CIKLIN, FORST and KUNTZ, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***